SAMUEL V. MILLER, APPELLANT, *v.* ARTHUR O'KAIN, RESPONDENT.

*Bankruptcy act — when proceedings are determined — Rights of surety of bankrupt.*

Under the provisions of the bankrupt act prohibiting any creditor who has proved his debt or claim from maintaining any suit at law or in equity thereupon against the bankrupt, unless a "discharge has been refused or the proceedings have been determined without a discharge," the proceedings are not determined unless an order to that effect has been entered by the United States Court.

If a creditor has proved his claim against the bankrupt, a surety for the bankrupt, who, after such proof thereof, pays the debt, occupies the position of the original creditor as to the enforcement of the claim by suit.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed by the court. The action has already been before the General Term, its decision being reported in 5 Hun, 39.

*Ralph T. Wood,* for the appellant.

*Charles S. Baker,* for the respondent.

TALCOTT, J.:

This is an appeal from a judgment rendered for the defendant for costs in an action brought on a promissory note for $115, given by the defendant to the plaintiff, and also for moneys paid by the plaintiff on account of a note which he had signed as surety for the defendant and at his request. The note to the plaintiff fell due in April, 1871. The note paid by the plaintiff which he had signed as a surety for defendant fell due in November, 1866. The cause was tried by the court without a jury. On the 7th of February, 1872, the defendant was adjudged a bankrupt in proceedings regularly instituted in the District Court of the United States for the northern district of New York. On the first day of March, 1872, the plaintiff, as a creditor of the defendant and bankrupt, duly proved in bankruptcy his note, described in the first count of the complaint; and on the 14th day of March, 1872, Isaac Hewitt, then the holder and owner of the note which the plaintiff had signed as surety for the said defendant bankrupt, duly proved in bankruptcy the note described in the second count of the said complaint. The plaintiff, as such surety, after such proof, paid to the said Hewitt the whole amount of the note which he (the plaintiff) had so signed as surety, and the said note was by the said Hewitt delivered to the said plaintiff. Afterwards, and on or about the 18th of February, 1873, the register in bankruptcy declared a dividend to the creditors of the bankrupt, who had proved their claims, out of the assets which had come to the hands of the assignee, as such assignee in bankruptcy of the defendant, which dividend amounted to the sum of fifteen dollars and thirty cents on the note described in the first count of the complaint and held by the plaintiff, and to the sum of sixty-five dollars and fifty-three cents on the amount of the debt arising on the note which had been signed by the plaintiff as surety and which had been proved in bankruptcy by Hewitt. Both of these amounts were duly paid by the assignee to the plaintiff, and were accepted by him as applicable to the debts on which they were declared.

After the payment of said dividends, and before the commencement of this action, the assignee in bankruptcy rendered his accounts as such to the register, and was by him duly discharged. After such discharge and accounting no further proceedings have

been had in the bankruptcy case by or in behalf of the bankrupt or any creditor. The court, at the Circuit, held as conclusions of law that by proving in bankruptcy the note described in the first count of the complaint, the plaintiff is deemed to have waived all right of action and suit thereon until such time as the proceedings in bankruptcy are determined; and that the said Hewitt, by proving the said debt on the note which the plaintiff had signed as a surety for the defendant, had waived all right of action thereon in like manner; and that the said plaintiff, by the payment of said amount to Hewitt, and the receipt and acceptance from the assignee in bankruptcy of the dividend thereon, elected to stand in the place of Hewitt, and was also prevented from maintaining a suit for the money paid by him or upon the said note until the determination of such proceedings in bankruptcy; that at the time of the commencement of this suit and the trial of the action, the proceedings in bankruptcy commenced by the said defendant were not fully determined, and as a necessary conclusion from the foregoing premises rendered a judgment for the defendant for costs as to both said causes of action.

By the bankrupt act, as it was originally passed, it was enacted "that no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him, and all proceedings already commenced or unsatisfied judgments already obtained thereon against the bankrupt shall be deemed to be discharged and surrendered thereby." (U. S. Rev. Stat., 5105.) This was amended by act of congress June 22, 1874, by providing as follows: "But a creditor proving his debt or claim shall not be deemed to have waived his right of action or suit against the bankrupt where the discharge has been refused or the proceedings have been determined without a discharge. (18 U. S. Stat. at Large, 179, § 7.)

No discharge has been refused to the bankrupt, and the Special Term held that the proceedings in bankruptcy had not been determined without a discharge. There was some conflict of opinion in the United States courts whether the right on the part of the bankrupt to apply for a discharge from his debts under the act was limited to one year by section 29 of the original bankrupt act, or

whether the limitation of one year was only applicable to cases where no debts had been proved and no assets had come to the hands of the assignee. (See *Wood* v. *Hazen*, 10 Hun, 362.)

But in *Wood* v. *Hazen* this General Term held, following the rules of Mr. Justice BLATCHFORD and Judge NELSON, made in the Circuit Court of the United States (and which are the same cases relied upon by the judge at Circuit in this case) that the limitation of one year, within which the bankrupt might apply for a discharge, did not apply to those cases in which debts had been proved against the bankrupt and assets had come to the hands of his assignee; that there was no statutory limitation upon the right to apply for a discharge in cases of the latter description, and that the proceedings in bankruptcy could not be considered as determined under section 5105, as amended by the act of June 22, 1874 (*supra*), and that the right of a creditor who had proved his debt in bankruptcy was suspended indefinitely, until some order of the court in bankruptcy had been made declaring the proceedings to be determined.

It seems that the judge of the southern district, with a view, probably, to meet this difficulty, had made a rule declaring that "a cause in bankruptcy is not to be deemed finally disposed of until an order is entered in the District Court declaring its termination," which order is to be made on motion to the bankrupt; but no such rule, as we are advised, exists in the northern district. And as to proceedings in bankruptcy in the northern district of New York, we suppose a special order in each case would be necessary in order to bring the proceedings in bankruptcy to a close, so that the suspension of a right to sue, which results from the proof of the debt in bankruptcy, while the creditor is desirous of using the same as a cause of action, may be brought to an end. This probably should be on notice to the bankrupt, as is provided by the rule in the southern district; and on that motion both the bankrupt and the creditor can be heard.

In regard to the claim founded on the money paid to discharge the debt on which the plaintiff was a surety, the plaintiff claims that that debt was not proved by him, and consequently that as to that, there is no suspension of a right of action. But such debt was provable under the bankruptcy, as is conceded, and the discharge, if granted, will operate to release the bankrupt from the same,

though the payment by the plaintiff was after the decree in bankruptcy. The section 5070 of the Revised Statutes provides that " any person liable as bail, surety, guaranty or otherwise for the bankrupt, who shall have paid the debt or any part thereof in discharge of the whole, shall be entitled to prove such debt, or to stand in the place of the creditor if the creditor has proved the same, although such payments shall have been made after the proceedings in bankruptcy were commenced." This seems accurately to describe the position of the plaintiff as to the claim described in the second count of the complaint, and we interpret the section to mean that if the creditor has proved the debt against the bankrupt, the surety who shall have paid the debt after that time is, by force of the statute, subrogated to the position of the original creditor as to the proof, the dividends and the claim or debt. The plaintiff received the dividend, which he could not have done unless the debt had been proved in bankruptcy. He cannot be permitted to avail himself of the proof of the debt for the purpose of receiving the dividends and repudiate it so far as it operates to create a suspension of his right to sue on the demand. On the whole case, we think the judgment rendered at the Circuit is correct.

Judgment affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.